Larry Charles CLEVELAND,
Plaintiff—Appellant,

v.

**J. ANDERSON, Correctional Officer;
et al., Defendants—Appellees.**

No. 04–57153.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 28, 2007.

Larry Charles Cleveland, Tehachapi, CA, pro se.

Michelle A. Des Jardins, AGCA—Office of the California Attorney General, San Diego, CA, John E. Rittmayer, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM \*\*

California state prisoner Larry Charles Cleveland appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003), and we vacate and remand in light of intervening authority.

Without specifying whether it found each claim exhausted, the district court dismissed the entire action on the ground that Cleveland failed to exhaust one claim before filing. We vacate the order and remand for reconsideration in light of *Jones v. Bock,* — U.S. —, 127 S.Ct. 910, 923–26, 166 L.Ed.2d 798 (2007) (holding an inmate's compliance with PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of entire action, and "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances"). On remand, the court may also consider *Woodford v. Ngo,* — U.S. —, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) in determining whether specific claims were exhausted.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.